## BENJAMIN P. TOWNSEND *vs.* JOHN S. TOWNSEND.

The party having the legal interest must sue though others be beneficially interested.

Where the legal interest is in several, they may bring several suits, though the covenant is joint. The right of action follows the interest.

ACTION for breach of covenants in a lease. Breaches were assigned on the following covenants:—1. To haul three hundred bushels of marl per acre. 2. To haul one thousand eight hundred bushels of lime from Merritt's wharf. 3. To cut, grub, &c., so many acres. The pleas were, 1. non est factum; 2. performance; 3. that no marl was furnished by the plaintiff; 4. that the defendant had the whole year to haul the marl; 5. that plaintiff did not furnish the lime, &c.

The lease was offered in evidence and objected to for variance.

*Mr. Rodney.*—The declaration is on a lease by plaintiff to defendant. The lease is by plaintiff for himself, and certain other persons, as heirs of James Townsend, covenanting to pay rent in certain proportions to him and them. The action, therefore, ought to have been by them all. The damages, if any, were done to all, and no one is entitled to recover alone. The lease does not support the action of Benjamin P. Townsend alone.

*Platt.*—The lease is executed by and between these parties only. The other heirs of James Townsend are no parties to it. Plaintiff is the agent for the others, and the lease was between him and defendants; the covenants are all to him either personally or as agent for the others.

*Rodney.*—If one of the several parties interested in the subject of a suit should sue alone, he would fail on that matter being pleaded. Equally so where the covenants declared on are to one person, they are not supported by evidence of covenants to him, and others.

*Court.*—The declaration describes the lease accurately, as a lease between Benjamin P. Townsend, for himself and the heirs of James Townsend and John S. Townsend, with covenants generally with him by that description, to haul marl, lime, &c., &c., and to pay him $350 rent, which is subsequently modified by a covenant to pay for the heirs of James Townsend $160, part of the rent aforesaid. The objection seems, therefore, to be rather the want of proper parties than variance; for the evidence supports the declaration; and is, therefore admissible.

But as to the parties. The right of action follows the interest; and the party who has the legal interest in a covenant must sue though the beneficial interest is in another. Where the legal interest is in several, each covenantor may bring a separate action for his separate damage, though the words of the covenant are joint only; as it is held that the covenant must follow the interest of the covenantors. [1 *Saund. Pl. & Ev.* 453, (390.)] If a deed be *inter partes*, as between A. of the first part and B. of the second part; C., if not expressly named as a party, cannot sue thereon, though the contract purport to have been made for his sole advantage, and contain an express covenant *with him* to perform an act for his benefit. [1 *Chitt. Pl.* 3.] In this case the parties are Benjamin P. Townsend, for himself and the heirs of James Townsend and John S. Townsend; all the defendant's covenants are with the plaintiff, except one, which though at first a covenant to pay him $350, is afterwards qualified and made to express a covenant to pay to Benjamin P. Townsend and Mary Townsend $350, viz: $160 of it to Mary Townsend. The legal interest in all these covenants, [undoubtedly all except the last, and there is no breach upon that,] is in Benjamin P. Townsend, though the beneficial interest may be in others, and the suit is properly brought by him. Even if the covenant to pay Mary Townsend $160 of the rent would give her such a legal interest as would give her a right of action, that interest being several, each covenantor may bring a separate action for his separate damage, though the words of the covenant are joint only, as it is held that the covenant must follow the interest of the covenantors. [8 *Taunt.* 248; 2 *Mod.* 195; 1 *Saund. Pl. & Ev.* 390.]

But this is no breach of the rent covenant, and the question now is, whether the lease supports the declaration.

It is, therefore, admitted.

The plaintiff then proved that defendant had not hauled the marl and lime; the witnesses also proving that plaintiff furnished no lime, &c., and defendant was prevented hauling by the owner of the wharf, because plaintiff would not pay wharfage.

The defendant had a verdict.

*Platt*, for plaintiff.
*Rodney*, for defendant.